**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MIN AH CHO, | |
| Plaintiff, | |
| - against - | |
| WILLIAM BARR, in his official capacity as Attorney General of the United States; CHAD WOLF, in his official capacity as Acting Secretary of Homeland Security; KENNETH T. CUCCINELLI, in his official capacity as Acting Director, United States Citizenship and Immigration Services; DONALD NEUFELD, in his official capacity as Associate Director of Service Center Operations, United States Citizenship and Immigration Services; and MICHAEL PAUL, in his official capacity as Director of United States Citizenship and Immigration Services Vermont Service Center, | 19 Civ. 6866 |
| Defendants. | |

**COMPLAINT IN THE NATURE OF MANDAMUS**

**PRELIMINARY STATEMENT**

1. Min Ah Cho brings this action for a writ of mandamus pursuant to 28 U.S.C. § 1361 and an order for unreasonable delay pursuant to 5 U.S.C. § 706, and 5 U.S.C. § 555(b), to compel Defendants to make a ruling on her I-914, Application for T Nonimmigrant Status ("T Visa application") or, at the very least, conduct a bona fide determination of the application, which is necessary for Ms. Cho to be eligible for an Employment Authorization Document and will ensure her livelihood. Ms. Cho's T Visa application has been pending for four years and nine months in contravention of law and Defendants' own regulations. Absent relief from this Court, Ms. Cho cannot plan for her future, or even have the certainty of knowing whether she will be returned to her home country to face re-victimization and persecution.

2. Ms. Cho is eligible for T Nonimmigrant Status under agency regulations and has a clear and indisputable right to a bona fide determination as to or adjudication of her T Visa application.

3. Ms. Cho filed a T Visa application which was received by United States Citizenship and Immigration Services ("USCIS") on March 3, 2015.

4. On her T Visa application, Ms. Cho checked the "yes" box for Part C, Question 10, which states, "I want an Employment Authorization Document."

5. Defendants have failed to make a bona fide determination or adjudicate Ms. Cho's application for over 1,700 days. This failure has caused

ongoing, irreparable harm to Ms. Cho, and is in violation of the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, and 8 C.F.R. § 214.11(d)-(e).

6.     Defendants are sued in their official capacities as officers and employees of the United States.

In support of this action, Ms. Cho alleges as follows:

## PARTIES

7.     Ms. Cho is a resident of Queens, New York, and a victim of sex trafficking.  Her bona fide application for T Nonimmigrant Status has been pending with Defendants since March 3, 2015.

8.     Defendant WILLIAM BARR is Attorney General of the United States.  In his official capacity, he is charged with implementing the immigration laws of the United States.  He is named in this Complaint in his official capacity.

9.     Defendant CHAD WOLF is Acting Secretary of Homeland Security and is responsible for the Department of Homeland Security ("DHS").  In his official capacity, he is charged with the administration and enforcement of the immigration laws of the United States, and is authorized to delegate such powers and authority to subordinate employees of the DHS, including those of USCIS.  *See* 8 U.S.C. § 1103(a)(1).  He is named in this Complaint in his official capacity.

10.    Defendant KENNETH T. CUCCINELLI is Acting Director, USCIS, the agency charged with adjudicating her T Visa application.  He is named in this Complaint in his official capacity.

11.     Defendant DONALD NEUFELD is Associate Director of Service Center Operations, USCIS, and in his official capacity, he supervises component agencies of USCIS which oversee the filing, data entry, and adjudication of certain applications for immigration services, including applications for T Nonimmigrant Status.  He is named in this Complaint in his official capacity.

12.     Defendant MICHAEL PAUL is Field Office Director, Vermont Service Center, a component agency of USCIS, which oversees the filing, data entry, and adjudication of certain applications for immigration services and benefits, including applications for T Nonimmigrant Status.  He is named in this Complaint in his official capacity.

## JURISDICTION & VENUE

13.     This action arises under 8 C.F.R. § 214.11(d)-(e), the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), 2(A), and the Trafficking Victims Protection Act ("TVPA"), 22 U.S.C. § 7101 *et seq*.

14.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asks this Court to compel Defendants, officers of the United States, to perform their duties under 8 C.F.R. § 214.11(d)-(e).

15.     This court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1361, which provides that the "district courts shall have original jurisdiction of any action in the nature of mandamus."  28 U.S.C. § 1361.

16.     Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1)(C), which provides that a suit against federal officials acting in their

official capacities can be brought in any judicial district where a plaintiff in the action resides if no real property is involved in the action. Plaintiff currently resides within the Eastern District of New York, and no real property is involved in this action.

**OVERVIEW OF T NONIMMIGRANT STATUS REGIME**

17. Since October 2000, victims of severe forms of human trafficking have been provided relief under U.S. immigration law by the Victims of Trafficking in Persons (T) Nonimmigrant Status (or "T Visa"). *See* TVPA, 22 U.S.C. § 7101 *et seq*. T Nonimmigrant Status enables certain victims of a severe form of human trafficking to remain in the United States for up to four years if they have complied with any reasonable request for assistance by law enforcement in an investigation or prosecution of human trafficking. T Nonimmigrants are eligible for employment authorization and certain federal and state benefits and services.

18. To be eligible for T Nonimmigrant Status, an individual: (i) must be or have been a victim of a "severe form of trafficking in persons" which includes: (a) sex trafficking in which a commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such an act has not attained 18 years of age; or (b) the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion for the purpose of subjection to involuntary servitude, peonage, debt bondage, or slavery; (ii) must be physically present in the United States on account of such trafficking; (iii) must have complied with any reasonable request by a

Federal, State, or local law enforcement agency for assistance in an investigation or prosecution of acts of trafficking in persons or the investigation of other crimes involving trafficking; and (iv) would suffer extreme hardship involving unusual and severe harm if removed from the United States. 8 C.F.R. § 214.11(b).

19.     Federal regulations provide that once an applicant submits an I-914 application, "USCIS will conduct an initial review to determine if the application is a bona fide application." An application will be deemed bona fide if it is complete, it does not appear to be fraudulent, the application presents prima facie evidence of all T Nonimmigrant Status eligibility requirements, biometrics and background checks are complete, and the applicant is admissible or has filed a waiver of a ground of inadmissibility. 8 C.F.R. § 214.11(e).

20.     If USCIS deems an applicant's T Visa application bona fide, the applicant may request employment authorization. *See* 81 Fed. Reg. 243 (Dec. 19, 2016) (citing Memorandum from Stuart Anderson, Executive Associate Commissioner, Office of Policy and Planning, INS, Deferred Action for Aliens with Bona Fide Applications for T Nonimmigrant Status (May 8, 2002)).

21.     USCIS's past guidance provides that USCIS will conduct a bona fide determination as to the status of the application, for the purpose of issuing employment authorization, "in the event that processing times should exceed 90 days[.]" *See* Exhibit A, Memorandum from Michael Aytes, Acting Deputy Dir., USCIS, to Richard Flowers, Acting Citizenship & Immigration Servs. Ombudsman, USCIS 3-4 (May 22, 2009), https://www.uscis.gov/sites/default/

files/USCIS/Resources/Ombudsman%20Liaison/Responses%20to%20Formal%20Recommendations/rec39_22may2009.pdf (the "2009 USCIS Memo").

## PLAINTIFF'S QUALIFICATION FOR T NONIMMIGRANT STATUS

22. As stated, Ms. Cho filed a Form I-914 T Visa application, which USCIS confirmed receipt of on or about March 3, 2015.

23. Ms. Cho is a victim of a severe form of trafficking in persons that T Nonimmigrant Status was designed to protect, provide applicable rights, and avoid further harm.

24. Ms. Cho is physically present in the United States on account of a severe form of trafficking in persons. Ms. Cho was trafficked into the United States to work as a sex-slave at massage parlors and brothels in the United States to repay a $100,000 debt to a loan shark in South Korea. When Ms. Cho tried to escape back to South Korea, her traffickers captured her, physically abused her, and forced her to return to the United States where she was again forced to work at massage parlors and brothels. Ms. Cho's re-entry into the United States was the result of the continued victimization of Ms. Cho.

25. Ms. Cho has been and continues to be willing to comply with reasonable requests for assistance in the investigation and prosecution of the trafficking case.

26. Ms. Cho would suffer extreme hardship involving unusual and severe harm if she were removed from the United States. Ms. Cho would suffer social, psychological, economic, and physical harm if she were removed from the

United States and returned to South Korea, as her traffickers continue to live in South Korea and would demand that Ms. Cho pay them enormous sums of money they falsely claim she owes. There is a high likelihood that Ms. Cho would be re-victimized if she were to return.

27. Ms. Cho also continues to suffer from severe post-traumatic stress disorder and depression as a result of the physical and sexual abuse she suffered. Ms. Cho believes that, if she were removed from the United States and returned to South Korea, she would not be able to receive psychological counseling because there are a lack of available services and sex crimes frequently are stigmatized in the country.

28. Ms. Cho's T Visa application also fulfills all five criteria required by 8 C.F.R. § 214.11(e) before a bona fide determination can be made: it is complete; it is not fraudulent; it provides prima facie evidence of all eligibility requirements; biometrics checks were completed over four years ago, on April 2, 2015, which has provided USCIS ample time to complete background checks; and Ms. Cho has submitted a waiver of inadmissibility.

29. Notwithstanding her filing more than 1,700 days ago, Ms. Cho has not received a bona fide determination as to her T Visa application, and therefore cannot seek employment authorization.

30. USCIS has abdicated its statutory duty to adjudicate or conduct a bona fide determination as to Ms. Cho's T Visa application, in contravention of federal regulations and USCIS' past guidance.

31.     As of the date of this Complaint, Ms. Cho's application processing time has significantly exceeded the 90-day threshold established by USCIS guidance; it has now been pending for over four years.

32.     Upon information and belief, wait times for processing T Visa applications at the time Ms. Cho submitted her application were approximately six to eight months.   Upon information and belief, processing times for such applications are currently an average of 19.5 to 26 months, and, across all USCIS offices, T Visa applications have a historical national average processing time of 16.1 months.  *See* Exhibit B, Check Case Processing Times, USCIS (Dec. 5, 2019), https://egov.uscis.gov/processing-times; Exhibit C, Historical National Average Processing Time for All USCIS Offices, USCIS (Dec. 5, 2019), https://egov.uscis.gov/processing-times/historic-pt.

33.     USCIS must (1) adjudicate Ms. Cho's T Visa application; or at the very least (2) review Ms. Cho's application for its bona fide nature, as issuing such a determination will significantly impact Ms. Cho's livelihood and ability to seek lawful employment by allowing her to have her Form I-765, Application for Employment Authorization successfully processed.

**PLAINTIFF**

34.     Ms. Cho is a native of South Korea.  She currently resides in the United States with her husband.

35.     While attending college in South Korea, Ms. Cho became responsible for her older sister's $50,000 loan after Ms. Cho's personal seal was fraudulently applied to the loan documentation.

36.     Unable to pay off the debt, at the age of 20, Ms. Cho was forced by loan sharks to serve drinks to and have sex with clients at a "room café" in South Korea.  This was the beginning of nearly 10 years of forced prostitution at the hands of individuals engaged in human sex-trafficking.  Ms. Cho also suffered physical abuse from the men who trafficked her whenever she refused to have sex with the traffickers' clients.

37.     Ms. Cho was later sent to the United States by her traffickers, arriving on October 28, 2004, after being told that she would pay off her debt more quickly in the country.  Following an unsuccessful attempt to escape her traffickers, Ms. Cho's traffickers physically abused and threatened to kill her if she did not follow their orders, and kept her under surveillance at all times.

38.     In November 2010, the FBI raided a massage parlor where Ms. Cho worked, and she was able to escape her traffickers.

39.     Ms. Cho suffers health complications to this day, including extreme stress, anxiety, and depression.

**HARM**

40.     Because USCIS has failed to fulfill its statutory duty, Plaintiff is unable to make future plans for a life in the United States and suffers other injuries.

41.     Plaintiff has suffered and continues to suffer as a result of the uncertainty of her status in the United States and the possibility that she will be returned to her home country where she would face likely re-victimization.

## LEGAL GROUNDS FOR RELIEF

### COUNT I
**(Administrative Procedure Act Violation—Unreasonable Delay)**

42.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

43.     Plaintiff's rights to have USCIS (a) adjudicate her T Visa application within 180 days, and (b) make a bona fide determination as to the status of her application in the event that processing times exceed 90 days, are all clear and unambiguous.  2009 USCIS Memo, at 3-4.  *See also* 5 U.S.C. § 555(b).

44.     Plaintiff has waited over four years for her claim to be adjudicated.

45.     Defendants' failure to adjudicate Plaintiff's T Visa application is "agency action . . . unreasonably delayed" under 5 U.S.C. § 706(1).

46.     Defendants' failure to, at the very least, conduct a bona fide determination as to Plaintiff's application, for purposes of employment authorization, is "agency action . . . unreasonably delayed" under 5 U.S.C. § 706(1).

47.     As a result of Defendants' unreasonable delay, Plaintiff has suffered and will continue to suffer substantial and irreparable harm to her health, welfare, and economic interests, for which there is no adequate remedy at law.

## COUNT II
### (Administrative Procedure Act Violation—Arbitrary and Capricious)

48.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

49.     Defendants have failed to perform their nondiscretionary duties. USCIS is required to engage in its adjudicatory function.  While it retains certain discretion over whether to grant or deny a visa application, USCIS must still make that decision in the first instance.  USCIS is also required, at a bare minimum, to conduct a bona fide determination for a T Visa application.  8 C.F.R. § 214.11(e).

50.     The failure of Defendants to comply with statutory and regulatory requirements constitutes agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).

51.     As a result of Defendants' arbitrary and capricious agency action, Plaintiff has suffered and will continue to suffer substantial and irreparable harm to her health, welfare, and economic interests, for which there is no adequate remedy at law.

## COUNT III
### (Mandamus Relief)

52.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

53.     Under the Mandamus Act, 28 U.S.C. § 1361, Plaintiff requests mandamus relief because:  (i) Plaintiff has a clear right to the relief requested; (ii) Defendants have a clearly defined and peremptory duty to perform the acts in

question; and (iii) no other adequate remedy is available. *Benzman* v. *Whitman*, 523 F.3d 119, 132 (2d Cir. 2008).

54. Exhaustion of administrative remedies is not required where requiring exhaustion would prejudice Plaintiff due to unreasonable delay or, as here, an indefinite timeframe for administrative action. *See Washington* v. *Barr*, 925 F.3d 109, 119-20 (2d Cir. 2019).

55. Ms. Cho has, in any event, undertaken numerous unsuccessful administrative inquiries and requests for USCIS to adjudicate her application, including:

  i. A request for case assistance sent to Senator Gillibrand in 2017 (Exhibit D);

  ii. A request for case assistance sent to Congresswoman Grace Meng in 2018 (Exhibit E);

  iii. A request for case assistance sent to CIS Ombudsman Service in 2019 (Exhibit F); and

  iv. A letter to the Violence Against Women Act (VAWA) Unit, Vermont Service Center, dated June 12, 2019, requesting the issuance of a bona fide determination as to Ms. Cho's application (Exhibit G).

56. No other remedy is available to Plaintiff. Defendants have relegated her to perpetual limbo causing substantial harm. Absent the intervention of this court, Plaintiff has no means to challenge USCIS' illegal abdication of its duties, as a result of which she has suffered and will continue to suffer. Moreover, a claim

of unreasonable delay, by its very nature, cannot await final agency action before judicial review.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

57. A judgment declaring that Defendants are in violation of 5 U.S.C. § 706(1) and (2)(A) for failure to comply with the regulatory requirements of 8 C.F.R. § 214.11(d)-(e);

58. A preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1) compelling Defendants to promptly adjudicate Plaintiff's T Visa application, or, at the very least, promptly conduct a bona fide determination of the application;

59. A writ of mandamus pursuant to 28 U.S.C. § 1361 compelling Defendants and each of their officers, agents, servants, employees, successors-in-office, and those acting in privity or concert with them to promptly adjudicate Plaintiff's T Visa application or, at the very least, promptly conduct a bona fide determination of the application;

60. That Plaintiff be awarded reasonable costs and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

61. Such other and further relief as the Court shall deem just and proper.

Dated:   New York, New York
         December 6, 2019

By:   /s/ Garrard R. Beeney
      Garrard R. Beeney
      David A. Seidler
      Olivia G. Chalos

      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York  10004
      Telephone: (212) 558-4000
      Facsimile: (212) 558-3588
      beeneyg@sullcrom.com
      seidlerd@sullcrom.com
      chaloso@sullcrom.com

      *Attorneys for Plaintiff*

*Of counsel*:

Amy Hsieh, Esq.

SANCTUARY FOR FAMILIES
P. O. Box 1406
New York, New York  10268
Telephone: (212) 349-6009
Facsimile: (212) 349-6810
ahsieh@sffny.org